# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

August 14, 2023

**VIA ECF**

Chief Judge Matthew W. Brann
United States District Court Middle District of Pennsylvania

> **Re:**   **Jackson v. Vibrant Healthcare, LLC**
> **Civil Action No. 22-cv-1221**

Dear Judge Brann,

Our firm represents the plaintiff in the above-referenced matter and we are writing to the Court to advise it of a discovery dispute in this matter pursuant to this Court's November 16, 2022 Case Management Order (ECF No. 17). This letter is in addition to the discovery dispute raised in the Plaintiff's June 16, 2023 Letter (ECF No. 26), which has not been responded to by the Defendant.

While the relief sought in the Plaintiff's June 16, 2023 Letter remains needed, two new discovery disputes have arisen. On July 17, 2023, the parties had <u>agreed</u> to the Fed. R. Civ. P. 30(b)(6) deposition of the Defendant. However, with no notice, the Defendant did not appear for the deposition. The plaintiff has attempted to confer to reschedule the deposition on a number of occasions and the parties have not agreed on a date. As such, the Plaintiff is seeking judicial relief to ensure that the Defendant appears for their deposition, if one is not completed by the time of a

August 14, 2023
Page 2

hearing on this issue. Relatedly, attached as Exhibit 1, is the invoice related to the Defendant's failure to appear.

Unfortunately, this is not the first time that the Defendant has failed to appear for their deposition. Previously, however, the Defendant paid the invoice for their failure to appear. They have not done the same to day and should, minimally. The Plaintiff also intends to seek any relief that the Court deems just for Vibrant Healthcare's second failure to appear at a deposition. *See Moeck v. Pleasant Valley Sch. Dist.,* No. 3:13-CV-1305, 2014 U.S. Dist. LEXIS 126601, at *14-15 (M.D. Pa. Sep. 10, 2014) ("The amount of a monetary sanction should be specifically related to expenses incurred as a result of the violations. *See Martin v. Brown*, 63 F.3d 1252, 1263 n.15 (3d Cir. 1995). But a court nevertheless "may decide that the circumstances warrant imposition of only part of the adversary's expenses or perhaps only a reprimand." Doering, 857 F.2d at 195. With these principles in mind, the Court concludes that the following is an appropriate sanction for the failure of Plaintiff and his counsel [*15]  to appear for the deposition scheduled for May 22, 2014. Defendants are awarded One Thousand Dollars ($1,000.00) in compensation for Defendants' expenses and fees incurred for appearing for the May 22, 2014 deposition, including any costs incurred by the court reporter, and expenses and fees incurred by the Defendants in preparation of the instant Motion for Sanctions and Brief in Support thereto.")

August 14, 2023
Page 3

Respectfully Submitted,

*/s/ Anthony I. Paronich*

Anthony I. Paronich

cc:  All Counsel of Record (Via ECF)